**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Loai Joker | Case No.: 2:26-cv-00414-JAD-MDC |
| Petitioner<br>v.<br>Todd Blanche,[1] et al.,<br>Respondents | **Order Granting Habeas Petition and Directing Petitioner's Immediate Release from Custody**<br><br>[ECF No. 9] |

Petitioner Loai Joker is a Sudanese citizen who arrived in the United States in 2000 and was ordered removed in 2024. He was released from custody after his removal order became final because Immigration and Customs Enforcement[2] (ICE) agents were unable to secure his removal. But on September 25, 2025, ICE arrested Joker, and he has been detained at the Nevada Southern Detention Center ever since.

In February 2026, Joker filed a pro se petition for a writ of habeas corpus seeking his release from custody. The court appointed counsel, who filed an amended habeas petition seeking Joker's immediate release. Joker argues that ICE has detained him for too long without showing that he is likely to be removed in the reasonably foreseeable future.

I grant Joker's habeas petition. Joker has been detained for more than seven months under his order of removal. He has shown that there is no good reason to believe that his removal is forthcoming, and the government has failed to present any competent evidence suggesting otherwise. So I order Joker's immediate release, and I prohibit the respondents from

---

[1] Todd Blanche has replaced respondent Pamela Bondi as the Acting Attorney General of the United States, so I substitute him as a respondent under Federal Rule of Civil Procedure 25(d).

[2] ICE has had different institutional names throughout the years. To simplify matters, I refer to the agency with the power and authority to remove noncitizens as ICE even if it may have been called something else when Joker was ordered removed.

re-detaining Joker absent a demonstrable change in circumstances in ICE's ability to remove him.

**Background**

Loai Joker was lawfully admitted to the United States in 2000, when he was approximately 3 years old, as a Sudanese refugee fleeing genocide.[3]  In 2017, his status was adjusted to a legal permanent resident.[4]  He was ordered removed to Sudan on April 17, 2024, and waived his right to appeal that order.[5]  Joker alleges that he was detained for approximately 90 days after his removal order was entered, but he was released because the government couldn't effectuate his removal.[6]  On September 25, 2025, Joker was arrested and placed in ICE custody at the Nevada Southern Detention Center, and he has remained there ever since.

In February 2026, Joker filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.[7]  I appointed counsel and, in late March, Joker filed a counseled amended petition, contending that his detention has exceeded six months with no significant likelihood of reasonable foreseeable removal.  The government's three-page response merely recites that Joker's detention is "lawful under [8 U.S.C.] § 1231(a)(6)."[8]

---

[3] ECF No. 9 at 4.

[4] ECF No. 16-2.

[5] ECF No. 9-3 (order of removal).

[6] *Id.*; *see also* ECF No. 18 at 10 (government's response, acknowledging that Joker's initial 90-day mandatory removal period "commenced following his order of removal on April 17, 2024").

[7] ECF No. 4.

[8] ECF No. 15 at 3.

2

**Discussion**

**A.     This court has jurisdiction over Joker's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[9]  That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained.  The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[10]

**B.     Joker has shown that he is entitled to relief on his prolonged-detention claim.**

*1.     The government has authority to detain noncitizens after they have been ordered removed.*

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens.  8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed.  It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[11]  During that 90-day period, detention is mandatory.[12]  The statute gives the government the ability to detain a noncitizen beyond that 90-day removal period under § 1231(a)(6) if he is inadmissible, removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or

---

[9] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[10] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[11] 8 U.S.C. § 1231(a)(1)(B).

[12] 8 U.S.C. § 1231(a)(2)(A).

reasons of security or foreign policy,"[13] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[14] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[15]

### 2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[16] To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[17] It determined that six months of post-removal-period detention is presumptively reasonable.[18] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be released from ICE custody.[19] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[20] And as "the period of prior post-removal

---

[13] *Zadvydas*, 533 U.S. at 682.

[14] 8 U.S.C. § 1231(a)(6).

[15] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[16] *Id.* at 690.

[17] *Id.* at 699.

[18] *Id.* at 701.

[19] *Id.*

[20] *Id.*

confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[21]

> ### 3. *Joker has shown good reasons to believe that he will not be removed in the reasonably foreseeable future, and the government has not rebutted that showing with any evidence of likely removal.*

Joker has been detained for at least seven months, taking this case out of the presumptively reasonable six-month period established by *Zadvydas*.[22]  So Joker bears the initial burden of showing that there are "good reason[s] to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[23]  To meet that burden, Joker argues that ICE has been unable to remove him for two years and has not provided any indications that Sudan—a country that Joker fled as a toddler—is willing to accept him.  I find that Joker's allegations are sufficient to establish good reason to believe that he is unlikely to be removed in the reasonably foreseeable future.

The government does not meet its shifted evidentiary burden to show that Joker's removal is foreseeable.  In response to Joker's petition, the government merely reasserts that § 1231(a)(6) authorizes his continued detention.[24]  But § 1231(a)(6) is precisely the statute that *Zadvydas* interpreted to permit detention lasting longer than six months only if there is a significant likelihood of removal in the reasonably foreseeable future.  The government provides no argument and no evidence suggesting that Joker's removal is foreseeable.  So I grant Joker's

---

[21] *Id.* (cleaned up).

[22] The record does not conclusively establish that Joker was also detained for 90 days directly following entry of his order of removal in 2024.  I do not dwell on that uncertainty because Joker's current detention, beginning on September 25, 2025, has lasted longer than six months.

[23] *Zadvydas*, 533 U.S. at 701.

[24] ECF No. 15 at 3.

5

petition on the ground that his continued detention exceeds the government's statutory authority under *Zadvydas*, and I order his immediate release. [25]

### Conclusion

IT IS THEREFORE ORDERED that petitioner Loai Joker's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 9] is GRANTED**. Petitioner **Loai Joker must be released from detention immediately, subject to reasonable terms of supervision set forth in 8 U.S.C. § 1231(a)(3).** Determining reasonable terms of supervision must not impede the immediate release of the petitioner.

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel

(1) notice of the date, time, and location of Joker's release at least 24 hours before the release is set to occur, and

(2) notice that Joker's release was effectuated within three days of this order.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Loai Joker absent proof of changed circumstances making his removal reasonably foreseeable.**

IT IS FURTHER ORDERED that counsel for respondents must immediately provide notice of this order to the restrained parties they represent.

---

[25] I do not consider Joker's separate claim that his prolonged detention violates the Fifth Amendment's due-process clause. In *Zadvydas*, the High Court interpreted § 1231(a)(6) to prohibit prolonged detention to avoid the constitutional concerns raised by a different interpretation. I follow in the Supreme Court's footsteps and do not reach Joker's due-process arguments because he is entitled to the relief that he seeks under *Zadvydas*'s statutory limitation. I also don't consider Joker's arguments in reply contending that the government didn't follow its own regulations when re-detaining Joker because that was not the basis of any claim alleged in the petition itself.

The Clerk of Court is directed to SEND a copy of this order to the Warden of Nevada Southern Detention Center in Pahrump, Nevada, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
April 28, 2026